**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4728**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES THOMAS LYNWOOD JOHNSON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.  (5:02-cr-00036-D-2)

_____

Submitted: March 17, 2014          Decided:  April 1, 2014

_____

Before KING, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
First Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Yvonne Watford-McKinney,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Lynwood Johnson appeals the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. Johnson challenges this sentence, arguing that it is plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Although a district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original

2

sentence, it "still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). The reasons articulated by the district court for a given revocation sentence, however, need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration under [§ 3553(a)] and [were] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, there is no dispute that Johnson's twenty-four-month prison sentence does not exceed the applicable statutory maximum. 18 U.S.C. §§ 3559(a), 3583(e)(3) (2012). The district court considered the advisory policy statement range of eighteen to twenty-four months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") §§ 7B1.1(a)(1), (b), 7B1.4(a), p.s (2012), and heard and considered argument from

3

counsel for both parties and allocution from Johnson. On appeal, Johnson challenges the adequacy of the district court's explanation for the sentence. After review of the parties' briefs and the record, we reject Johnson's challenge.

In rejecting defense counsel's request for a sentence at the low end of the policy statement range, the district court also considered Johnson's history and characteristics, the nature and circumstances of his violative behavior, and the need for the revocation sentence to sanction his breach of trust, see 18 U.S.C. § 3353(a)(1); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and explained that these factors supported the imposition of a sentence at the top of the policy statement range.

We conclude that the district court adequately explained its rationale for imposing the twenty-four-month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Johnson's revocation sentence is not unreasonable. Therefore, we conclude that Johnson's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED